# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCELYN GRIFFIN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 14-110-JJB-SCR |
| | * | |
| WAL-MART LOUISIANA, L.L.C. | * | |
| | * | JURY TRIAL REQUESTED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Wal-Mart Louisiana, L.L.C., and respectfully submits the following Memorandum in Support of its Motion for Summary Judgment.  The claims against Wal-Mart should be dismissed, with prejudice, because Plaintiff has failed to produce evidence sufficient to support the elements of her claim.

## FACTUAL BACKGROUND

Joycelyn Griffin alleges that on October 3, 2013, she was shopping at the Wal-Mart Store located at 933 Grand Caillou Road in Houma, Louisiana, when "she was caused to slip and fall on a foreign substance on the floor believed to be buffing/floor polish."   Rec. Doc. 1-2, Petition ¶ II. She claims that the fall was caused by the negligence of Wal-Mart employees in causing the substance to be on the floor and/or failing to remove it.   *Id.* at ¶ III.   She alleges that she suffered severe damages as a result of the fall.   *Id.* at ¶ IV.

On the date of the accident, Mrs. Griffin traveled to the Wal-Mart Store with her husband, Frank Griffin, to purchase sketch paper.  Exhibit 1, J. Griffin depo. at 43-44.  They were approaching the register in order to check out after completing their shopping when the accident

occurred.  *Id.* at 44, 46-47.  Mrs. Griffin was heading to the register along the same path she had taken when entering the store ten minutes earlier.  *Id.* at 47-48.

Up until the incident occurred, Mrs. Griffin testified that she did not have any difficulties in walking down the aisle.  *Id.* at 59.  She did not recall the floor being slippery.  *Id.*  She testified that she was walking to the register when she suddenly, "went flat down on my face."  *Id.* at 60. She clearly and unequivocally testified that she had no idea what caused her to fall.  *Id.* at 60-62. Neither she nor her husband saw anything on the floor.  *Id.* at 63-65.  Mrs. Griffin testified:

> Q.  Do you recall what caused you to fall forward?
>
> A.  No, sir.

*Id*. at 60.

> Q.  As you sit here today, do you remember if you slipped or tripped or there was anything else that caused you to fall?
>
> A.  No, sir.

*Id*. at 62.

Around the time of the incident, Mrs. Griffin testified that she saw a store employee riding what she believed to be a waxing machine in the area.  *Id.* at 49-51.  She did not see the machine actually dispensing floor wax at the time she saw it.  *Id.* at 50.  She did not see any kind of trail of liquid left behind by the machine.  *Id.* at 56.

Plaintiff's husband, Frank Griffin, was with his wife when the incident occurred.  Exhibit 2, F. Griffin depo. at 8.  Mr. Griffin was walking ahead of his wife and did not see her fall.  *Id.* at 20, 43.  He himself had no difficulties walking on the aisle where the incident occurred.  *Id.* at 22.  He looked at the floor after the fall and did not see anything.  *Id.* at 23-24. As Mr. Griffin testified:

> Q.  Did you look down to the floor to see if there was anything on the floor?

> A.  Yes, I did.
>
> Q.  Did you see anything on the floor?
>
> A.  I didn't see anything noticeable.

*Id*. at 23.   He also did not have any knowledge to indicate that the floor was slippery:

> Q.  At any time after the incident, did you go back and check the floor to see if it was slippery or not?
>
> A.  During the time that I got her off the floor, I looked down to see if I saw anything there.
>
> Q.  And you didn't see anything?
>
> A.  I didn't see anything noticeable, no.

*Id*. at 23-24.

Like Mrs. Griffin, Mr. Griffin also clearly testified that he did not know what caused Mrs. Griffin to fall.   *Id.* at 43-44.

> Q.  As you sit here today, you don't know what caused her to fall?
>
> A.  Correct.

*Id*. at 43.

Mr. Griffin testified that he saw an employee riding a waxing machine down the aisle between the registers and merchandise as they entered the store.   *Id.* at 14-16.   According to Mr. Griffin, this employee drove the waxing machine from the produce department, almost to the garden center, then turned and rode back again.   *Id.* at 16-17.   The waxing machine was gone from the aisle when the incident occurred.   *Id.* at 20.

Assistant Manager Kim Johnson testified that an employee, James Bogen, was operating a buffer in the videotape of the accident.   Exhibit 3, Johnson depo. at 19, 23. See also Exhibit 4, Surveillance Video.   He buffed an area near where the plaintiff fell.   Exhibit 3, Johnson depo. at 13-14.   As Ms. Johnson testified, employees typically do not buff the floor after waxing, but

rather, after scrubbing.  *Id.* at 11-12, 38.   The buffing procedure utilizes a dry pad to make the floor shine.  *Id.* at 38-39. See also Exhibit 5, Bogen depo. at 26.   Ms. Johnson testified that she walked to the area after the incident and the floor was dry, not wet.   Exhibit 3, Johnson depo. at 30, 34.   The area was not waxed on the morning preceding the accident.  *Id.* at 40, 47-48. Furthermore, the employees securely block off an area before waxing it, until the area dries. *Id.* at 11, 39.

James Bogen performs floor maintenance for Wal-Mart.   Exhibit 5, Bogen depo. at 7.   He testified that he was using a buffing machine in the videotape of the accident.  *Id.* at 17.   He did not run the buffer over a recently waxed area.  *Id.* at 20.   Although there was a fan in the video, which indicates that waxing had been conducted in the area, the fan was pointed in the opposite direction from where the buffing took place.  *Id.* at 27-28.   As Mr. Bogen explained, store employees would cordon off an area and place wet floor signs when waxing was conducted.  *Id.* at 21.   They do not remove the tape until they determine that the area is dry, and there was no tape shown in the video.  *Id.* at 22, 24.

As shown below, Plaintiff has failed to produce evidence sufficient to carry her burden of proving at least two elements of her claim against Wal-Mart.   First, there is no evidence that any condition of the floor caused Mrs. Griffin's fall.   Second, there is no evidence that the floor presented an unreasonably condition.   The claims against Wal-Mart must be dismissed.

# LAW AND ARGUMENT

## I.    Summary Judgment Standard

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Wal-Mart, as the movant, bears the initial burden of pointing out to the Court the absence of a genuine issue of material fact.[2]    Once Wal-Mart has made this showing, Plaintiff must come forward with "specific facts showing that there is a genuine issue for trial."[3] "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[4]    The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case in order to prevail on a motion for summary judgment.[5]

## II.    Plaintiff Cannot Meet Her Burden of Proving the Essential Legal Elements of Her Claim Under La. R.S. 9:2800.6

In a diversity case, Louisiana substantive law applies.[6]    Louisiana R.S. 9:2800.6 sets forth a plaintiff's burden of proof in negligence actions involving slip and fall incidents on a merchant's premises due to a condition in or on the premises.    Louisiana R.S. 9:2800.6(B) provides that in such actions, the claimant shall have the burden of proving, in addition to all other elements of the cause of action, that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or

---

1 Fed. R. Civ. P. 56(a).
2 *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996).
3 *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, In c. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).
4 *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir.2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
5 *Chaney v. Lucia*, 2013 WL 2147479, *2 (E.D. La. 5/15/13).
6 *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.1188 (1938).

constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.[7]   The plaintiff bears the burden of proving each requirement enumerated by the statute.[8]

In addition, a plaintiff in a slip-and-fall action must prove the five elements of the well-established duty/risk analysis: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was a legal cause of the plaintiff's injuries; and, (5) actual damages.[9]   Plaintiff must prove each individual element set forth in La. R.S. 9:2800.6(B); failure to prove any one element will prove fatal to her claim.[10]

Wal-Mart bases its motion for summary judgment on two grounds. First, Mrs. Griffin cannot support the cause-in-fact element of the duty/risk analysis because she testified during her deposition that she did not know what caused her fall, and she has presented no other evidence of causation. Second, Plaintiff is unable to show that the floor presented an unreasonable risk of harm because she has failed to show that any foreign substance existed at the time of the fall, and if any such substance was present, there is no evidence that it constituted an unreasonable risk of harm.

A.   <u>Summary Judgment Must Be Granted Because There is a Complete Absence of Evidence of Causation</u>

To withstand summary judgment and maintain a negligence suit against Wal-Mart for failing to keep its premises in a reasonably safe condition, Plaintiff must make a positive showing

---

7 La. R.S. 9:2800.6(B).
8 *White v. Wal-Mart Stores, Inc.*, 1997-0393 (La. 9/9/97), 699 So. 2d 1081.
9 *Berg v. Zummo*, 00–1699 (La.4/25/01), 786 So.2d 708 (citing *Roberts v. Benoit*, 605 So.2d 1032 (La.1991) (on rehearing)).
10 *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 4 (La. 9/9/97); 699 So. 2d 1081.

of the existence of a condition prior to her alleged fall that caused the fall.[11]    For example, in *Broussard v. Retail Investors of Texas, Ltd*., Louisiana's Third Circuit summarily disposed of a plaintiff's claim against the defendant store, holding that the plaintiff would be unable to carry her evidentiary burden at trial of proving the cause-in-fact of her fall.[12]    In support of its motion for summary judgment, the defendant offered deposition testimony in which the plaintiff testified she did not know what caused her to trip.[13]    The Third Circuit concluded that this testimony established an absence of factual support for the cause-in-fact element of the plaintiff's claim, explaining:   "Given Broussard's testimony that she does not know the cause-in-fact of her injury, coupled with the lack of other evidence as to causation, summary judgment is appropriate in this case."[14]

Similarly, in *Walthall v. E-Z Serve Convenience Stores, Inc*., a plaintiff who filed suit as a result of a slip and fall in a store testified that she did not know what caused her to fall.[15]    She further testified that she did not recall seeing water on the floor when she was walking prior to her fall.[16]    However, the plaintiff claimed she saw water on the floor after her fall.[17]    Based on the plaintiff's deposition testimony, the court held that the plaintiff would not be able to meet her burden under La. R.S. 9:2800.6 and granted the defendant store's motion for summary judgment.

Likewise, in this case, Mrs. Griffin admitted on several occasions that she does not know what caused her fall.   Exhibit 2, J. Griffin depo. at 60-65.   Although she speculated that floor wax

---

11  La. Rev. Stat. § 9:2800.6(B); *Walthall v. E-Z Serve Convenience Stores, Inc*., 988 F. Supp. 996 (E.D. La. 1997); *Bruno v. Albertson's, Inc*., 1997-0234, (La. App. 1 Cir. 4/8/98); 708 So. 2d 847; *Dawson v. Brookshire Grocery Co.*, 31,042 (La. App. 2 Cir. 9/23/98); 718 So. 2d 623.
12  *Broussard v. Retail Investors of Tex., Ltd.*, 13-414, p. 7 (La. App. 3 Cir. 10/9/13); 123 So.3d 912, 917.
13  *Id.* at 915-916.
14  *Id*. at 916.
15  *Walthall v. E-Z Serve Convenience Stores, Inc*., 988 F. Supp. 996, 99 (E.D. La. 1997).
16  *Id.*
17  *Id.*

caused her to fall, both she and her husband admitted that they did not see any type of substance on the floor, and that the floor was not slippery.  *Id*. at 63-65; Exhibit 3, F. Griffin depo. at 23-24, 43-44.   Further, the store employee who was allegedly waxing the floor, Mr. Bogen, testified that he was actually buffing the floor with a dry pad at the time of the fall, and the store's assistant manager verified this fact.   Exhibit 5, Bogen depo. at 17, 26; Exhibit 3, Johnson depo. at 19, 23, 38-39.  **The surveillance video of the accident shows that the Plaintiff merely tripped on her right foot as she walked to the registers.   See Exhibit 4 at 7:03:23 A.M**.   There is no evidence that the floor where the plaintiff slipped had been waxed recently before the accident, or that any characteristic of the floor caused Mrs. Griffin's fall. Plaintiff cannot meet her burden of proof, and summary judgment in favor of Wal-Mart should be granted.

      B.   <u>Alternatively, if a Condition Existed on Wal-Mart's Premises, Plaintiff Cannot Prove that the Alleged Condition Presented an Unreasonable Risk of Harm</u>.

      Should this Court find that Plaintiff cannot offer sufficient evidence to show that a preexisting condition on Wal-Mart's premises caused her to fall, this case must be dismissed, and the Court need not consider whether such a condition would be unreasonably dangerous. Because Plaintiff does not know what caused her fall, it follows that she cannot prove that the alleged condition presented an unreasonable risk of harm.

      However, in the alternative, if a condition did exist on Wal-Mart's premises that caused Plaintiff to fall, which Wal-Mart denies, this condition was not an unreasonably dangerous hazard. For a plaintiff to establish liability against a merchant in a trip and fall case, the plaintiff has the burden of proving that the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable. La. R.S. 9:2800.6.   Merchants are not insurers of their patrons' safety, and are not required to insure against all accidents that occur on the

premises.[18]   The mere fact that an accident occurred, "does not elevate the condition of the thing to that of an unreasonably dangerous defect."[19]   In order to impose liability, the condition "must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances."[20]

The Louisiana Supreme Court has held that "an unreasonable risk of harm is present if the dangerous condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances."[21]   Louisiana's courts of appeals affirm grants of summary judgments where they find the plaintiff cannot put forth sufficient evidence of a condition presenting an unreasonable risk of harm.[22]

In *Reitzell v. Pecanland Mall Associates, Ltd.*, the court of appeal held that the plaintiff would not be able to meet her burden of proving that a condition presented an unreasonable risk of harm.[23]   In her deposition, the plaintiff testified that her foot hit something and she "just fell." The court of appeal affirmed the district court's grant of defendant's motion for summary judgment

---

18 *Cusimano v. Wal-Mart Stores, Inc.*, 906 So. 2d 484 (La. App. 1 Cir. 2/11/05); *see also Retif v. Doe*, 93-1104 (La. App. 4 Cir. 2/11/94), 632 So. 2d 405, 408, *writ denied*, 94-1000 (La. 6/17/94), 638 So. 2d 1095.
19 *Durmon v. Billings*, 38,514 (La. App. 2 Cir. 5/12/04), 873 So. 2d 872, 876, *writ denied*, 2004-1805 (La. 10/29/04), 885 So. 2d 588.
20 *Penton v. Schuster*, 732 So.2d 597, 601 (La. App. 5 Cir. 1999) (*citing Henry v. Safeco*, 498 So.2d 1116 (La. App. 3 Cir. 1986)).
21 *Lasyone v. Kan. City S. R.R.*, 00-2628 p. 6, (La. 4/3/01); 786 So. 2d 682, 689.
22 *Davis v. Am. Legion Hosp.*, 2006-608 (La. App. 3 Cir. 11/2/06), 941 So. 2d 712, 716 (The Third Circuit affirmed the district court's grant of defendant's motion for summary judgment holding that a drain, which presumably required some slope in the grass surrounding it for it to function, did not present an unreasonable risk of harm.); *Llorence v. Broadmoor Shopping Ctr., Inc.*, 2011-233 (La. App. 3 Cir. 10/5/11), 76 So. 3d 134, 138 (The Third Circuit affirmed the district court's grant of defendant's motion for summary judgment holding that a pothole in the defendant's parking lot did not present an unreasonable risk of harm.); *Holmes v. Harper*, 34,631 (La. App. 2 Cir. 5/9/01), 786 So. 2d 245, 249 (The Second Circuit affirmed the district court's grant of defendant's motion for summary judgment holding that a bed leg on which the plaintiff hit her foot did not present an unreasonable risk of harm.).
23 37,524 (La. App. 2 Cir. 8/20/03); 852 So. 2d 1229, 1233.

holding that the plaintiff could not meet her burden because there was insufficient evidence that the alleged condition presented an unreasonable risk of harm.

Similarly, Mrs. Griffin admitted that she does not know what caused her fall and did not see anything on the ground before her fall.   Plaintiff merely speculates that floor wax may have caused the fall.   However, even this speculation is refuted by both Mr. and Mrs. Griffin's own testimony that the floor was not slippery, that they did not see any substance on the floor, and that they did not know see the machine actually dispensing any type of liquid at the time it was seen. In addition, the testimony of Mr. Bogen and Ms. Johnson buttresses the fact that the floor was being dry-buffed shortly before the accident – not waxed.

The Louisiana Supreme Court has held that La. R.S. 9:2800.6 is clear and unambiguous in that a claimant must make a positive showing of each of the requirements of the statute.[24]   Mere speculation or suggestion is not sufficient to meet this burden.[25]  In this case, Mrs. Griffin cannot bear the burden of showing that the floor presented an unreasonable risk of harm.

## **CONCLUSION**

Plaintiff has failed to present evidence to support the position that an unreasonably dangerous condition on the Wal-Mart premises caused her to fall.   Accordingly, Plaintiff cannot meet her burden of proof, and Wal-Mart is entitled to judgment as a matter of law dismissing Plaintiff's claims with prejudice.

---

24 *White v. Wal–Mart Store, Inc*., 97–0393 (La.9/9/97), 699 So.2d 1081, *rehearing denied*, (La.10/10/97).
25 *Adams v. Dolgencorp, L.L.C*., 559 Fed.Appx. 383, 386 (5th Cir.2014) (per curiam).

Respectfully submitted,

*/s/ Isidro René DeRojas*
**THOMAS P. ANZELMO, TA, No. 2533**
**ISIDRO RENÉ DEROJAS, No. 18182**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA    70112
Telephone:   (504) 831-0946
Facsimile:    (800) 977-8810
iderojas@mcsalaw.com
*ATTORNEYS FOR DEFENDANT,*
*WAL-MART LOUISIANA, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of March, 2015, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by email and/or utilizing this Court's Electronic Case Filing (ECF) system.

*/s/ Isidro René DeRojas_____*

- 11 -