UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOYCELYN GRIFFIN

CIVIL ACTION NO. 14-110-JJB-SCR

VERSUS

WAL-MART LOUISIANA, L.L.C.

## RULING ON MOTION FOR SUMMARY JUDGMENT

Defendant, Wal-Mart Louisiana, L.L.C., moves for this Court to grant summary judgment in its favor based on the argument that Plaintiff, Jocelyn Griffin, has failed to produce evidence sufficient to support the elements of her claim.

### I. SUMMARY OF FACTS

This case arises out of an incident on October 3, 2013 at the Wal-Mart store located at 933 Grand Caillou Road in Houma, Louisiana. Plaintiff alleges she slipped and fell due to the negligence of Wal-Mart employees for causing or failing to remove a foreign substance on the floor. Plaintiff alleges as a result of this incident, she suffered injuries (doc. 1-2, at 1). Testimony was given by Plaintiff; her husband, Mr. Frank Griffin; and Wal-Mart employees, Mr. James Bogen and Assistant Manager Ms. Kim Johnson.

On the date of the incident, Plaintiff traveled to Wal-Mart with Mr. Griffin (doc. 7-8, at 1). The incident occurred when approaching the register for check out. Plaintiff was heading to the register along the same path she had taken when entering the store ten minutes earlier. *Id.* Around the time of the incident, Plaintiff observed a store employee operating a machine (doc. 7-2, at 49). Plaintiff describes the machine as a waxing machine. *Id.* Defendant testifies that the operating machine was not dispensing any type of liquid (doc. 7-8, at 2). Plaintiff testified she does not recall what caused her to fall (doc. 7-2, at 62). Plaintiff testified she does not recall if

1

the floor was slippery (doc. 7-2, at 59). Plaintiff testified she did not look to see if anything caused her to fall (doc. 7-2, at 64).

Mr. Griffin testified that he did not see anything noticeable that may have caused Plaintiff to fall, and he did not have any knowledge to indicate the floor was slippery (doc. 7-3, at 24). Mr. Griffin testified that he does not know what caused Plaintiff to fall. *Id.* at 43.

Ms. Johnson testified she walked the area after the incident and concluded the floor was dry (doc. 7-4, at 30). Mr. Bogen and Ms. Johnson both testified that "Wal-Mart employees securely block off an area before waxing it, until the area dries" (doc. 7-8, at 2).

II.       STANDARD OF LAW

Rule 56(a) of the Federal Rules of Civil Procedure instruct the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Material fact that is genuinely in dispute is defined as "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 106 S. Ct. 2505, 2507 (1986). Furthermore, all fact questions are viewed in the light most favorable to the nonmovant for the purposes of summary judgment. *Hassan v. Lubbock Indep. Sch. Dist*, 55 F.3d 1075, 1078 (5th Cir. 1995), *cert. denied*, 516 U.S. 955, 116 S. Ct. 532, 133 L.Ed. 2d 438 (1995). However, only pretrial materials and evidence that would be admissible for a trial may be considered for summary judgment. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F. 2d 547, 549 (5th Cir. 1987).

The movant bears the initial burden in a summary judgement motion. The movant's burden is to "point out the absence of evidence supporting the nonmoving party's case." *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (quoting *Latimer v. Smithkline & French Laboratories,* 919 F.2d 301, 303 (5th Cir. 1990)). If the movant fails to satisfy this burden,

summary judgment must be denied, regardless of nonmavant's response. If the movant satisfies this burden, the burden shifts to the nonmovant. The nonmovant is required to specifically identify evidence from the record, precisely state which evidence supports their claim, and present evidence which would sustain a motion of directed verdict at trial. If nonmovant fails to satisfy this burden, a motion of summary judgment will be granted for the movant. *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996).

In this case, Wal-Mart, the movant, bears the initial burden of proof.

### III. LAW AND ANALYSIS

#### A. La. R.S. 9:2800.6

In a diversity case, substantive state law applies. *Erie R. Co. v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 118 (1938). Louisiana R.S. 9:2800.6 provides Plaintiff's burden of proof in a negligent action involving slip and fall incidents on a merchant's premises due to a condition in or on the premises. Louisiana R.S. 9:2800.6(B) provides that in such actions, the claimant shall have the burden of proving, in addition to all other elements of the cause of action, all of the following: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.

Additionally, Louisiana courts employ a duty-risk analysis to determine if a plaintiff should recover on a negligence claim. Under the duty-risk analysis, Plaintiff is required to establish five elements: (1) proof that Defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that Defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that Defendant's substandard conduct was a

cause-in-fact of Plaintiff's injuries (the cause-in-fact element); (4) proof that Defendant's substandard conduct was a legal cause of Plaintiff's injuries (the scope of liability element); and (5) proof of actual damages (the damages element). *Poindexter v. U.S. ex rel. Corps of Engineers*, 568 F. Supp. 2d 729, 734 (W.D. La. 2008).

### B. Argument

Defendant moves for summary judgment against Plaintiff on the grounds that there is no genuine issue of material fact. Defendant argues Plaintiff has failed to produce sufficient evidence to carry her burden of proving two elements of her claim against Wal-Mart. Defendant first argues that there is insufficient evidence to satisfy the cause-in-fact element. In the alternative, Defendant argues Plaintiff does not satisfy the burden of proving that the condition presented an unreasonable risk of harm and that risk of harm was reasonably foreseeable, an element of La. R.S. 9:2800.6. Additionally, Defendant asks the Court to dismiss Plaintiff's suit with prejudice at Plaintiff's cost.

      i.    <u>Cause-In-Fact Element</u>

To the first argument, Defendant asserts that there is insufficient evidence to satisfy the cause-in-fact element. Defendant argues that Plaintiff "must make a positive showing of the existence of the condition prior to the fall," to withstand summary judgement in a negligence suit against a merchant for failing to keep its premises in a reasonably safe condition. *Bruno v. Albertson's, Inc.,* 97-0234 (La. App. 1 Cir 4/8/98); 708 So.2d 847, 848.

Defendant points to the following deposition testimony to prove Plaintiff did not meet this burden. Plaintiff testified she does not recall what caused her to fall (doc. 7-2, at 62). Plaintiff testified she does not recall if the floor was slippery (doc. 7-2, at 59). Plaintiff testified she did not look to see if anything caused her to fall (doc. 7-2, at 64). Mr. Griffin testified that he

4

did not see anything noticeable that may have caused Plaintiff to fall, and he did not have any knowledge to indicate the floor was slippery (doc. 7-3, at 24). Mr. Griffin testified that he does not know what caused Plaintiff to fall. *Id.* at 43. Also, Defendant specifically addresses Mr. Bogen's testimony: "the buffing procedure utilizes a dry pad to make the floor shine, not liquid" (doc. 7-8, at 2). Defendant concludes "[t]here is no evidence that the floor where the plaintiff slipped had been waxed recently before the accident, or that any characteristic of the floor caused Mrs. Griffin's fall" (doc.7-1, at 8).

Defendant cites *Broussard v. Retail Investors of Texas, Ltd.,* where Louisiana's Third Circuit concluded summary judgement for the defendant was appropriate because the plaintiff testified she did not know what caused her to trip. *Brossard v. Retail Investors of Tex., Ltd.,* 13-414 (La. App. 3 Cir. 10/9/13); 123 So.3d 912, 917. Therefore, the plaintiff, in *Brossard*, did not know the cause-in-fact of her injury. *Id.* Defendant argues that a similar testimony was given by Plaintiff. Lastly, Defendant argues that the surveillance video of the accident shows Plaintiff tripping on her right foot as she walked to the registers. Defendant concludes "[p]laintiff cannot meet her burden of proof, and summary judgment in favor of Wal-Mart should be granted" (doc. 7-1, at 8).

Defendant satisfied their burden of proof for summary judgement with the above argument. The burden now shifts to Plaintiff to present evidence which would sustain a motion of directed verdict at trial. *Stults,* 76 F.3d at 656.

Plaintiff asserts that the testimony from Wal-Mart employees, James Bogen and Kim Johnson, and video surveillance establish that a waxing operation had been ongoing in the area of the incident (doc. 12, at 5). Plaintiff further asserts that Mr. Bogen was actively buffing the area at the time of the incident. Plaintiff argues that she fell "extremely close to where the fan

5

was located for the purpose of drying the wax" (doc. 12, at 5). Plaintiff reasons that "[a] reasonable inference can be made that [Plaintiff] either got wax on her shoes by walking through the recently waxed area, or that the fan was not placed precisely and that [Plaintiff] walked through a recently waxed area that had not been dried by the fan." (doc. 12, at 5-6).

      ii.      <u>La. R.S. 9:2800.6: Condition Presented an Unreasonable Risk of Harm and the Risk of Harm was Foreseeable</u>

Alternatively, Defendant argues Plaintiff fails to show the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable, an element under La. R.S. 9:2800.6.

Defendant uses the following precedents to support their position. First, Defendant argues merchants are not insurers of their patrons' safety, and are not required to insure against all accidents that occur on the premises. *Retif v. Doe.,* 93-1104 (La. App. 4 Cir. 2/11/94), 632 So. 2d 405, 408, *writ denied*, 94-1000 (La. 6/17/94), 638 So. 2d 1095. Next, the mere fact that an accident occurred, "does not elevate the condition of the thing to that of an unreasonably dangerous defect." *Durmon v. Billings,* 873 So. 2d 872, 876 (2nd Cir. 2004), *writ denied*, 885 So. 2d 588. Also, in determining whether an unreasonable risk of harm is present, precedent states that "an unreasonable risk of harm is present if the dangerous condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Id.* at 876-877.

Defendant cites *Reitzell v. Pecanland Mall Associates, Ltd.*, where the Court of Appeals held the plaintiff did not meet her burden of proving that condition presented an unreasonable risk of harm by testifying that her foot hit something and she "just fell." *Reitzell v. Pecanland Mall Associates, Ltd.,* 37, 524 (La. App. 2 Cir. 8/20/03); 852 So. 2d 1299, 1233. The Court of Appeals upheld the summary judgment motion that the plaintiff could not meet her burden

6

because there was insufficient evidence that the alleged condition presented an unreasonable risk of harm. *Id.*

Defendant cites *White v. Wal-Mart*. In *White,* the Louisiana Supreme Court held La. R.S. 9:2800.6 is clear and unambiguous in that "[t]he claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *White v. Wal-Mart Stores, Inc.,* 97-0393 (La. 9/9/97); 699 So.2d 1081, 1084. "[T]he statue simply does not provide for a shifting of the burden." *Id.*

Lastly, Defendant cites *Adams v. Dolgencorp, L.L.C.*, where the Court stated that, "[m]ere speculation or suggestion is not sufficient to meet" the burden of constructive notice, "and courts will not infer constructive notice for purposes of summary judgement where the plaintiff's allegations are no more likely than any other potential scenario." 559 Fed.Appx. 383, 386 (5th Cir. 2014) (per curiam). Defendant concludes Plaintiff cannot meet her burden of proof showing that the floor presented an unreasonable risk of harm.

Plaintiff argues Defendant's belief that the incident was "a big coincidence" is untrue (doc. 12, at 6). Plaintiff asserts "[a] reasonable jury could reasonably infer otherwise." *Id.* Additionally, Plaintiff specifically identifies Mr. Bogen's testimony to support Plaintiff's claim that it was Wal-Mart's practice to cordon off the waxed area and place signs. Plaintiff argues there is no evidence that this procedure was completed the day of the incident (doc. 7-7, at 21). Plaintiff concludes that the evidence of the record adequately establishes that there are material issues of genuine fact such that a reasonable jury could reasonably infer that Plaintiff slipped and fell because of the wax that had been placed on the floor by Wal-Mart employees.

## IV.  CONCLUSION

In conclusion, Defendant has met their burden of the summary judgment motion by showing Plaintiff has failed to produce evidence sufficient to support the elements of her claim. Upon burden shifting to non-movant, Plaintiff falls short of carrying her burden of proof because the statute does not allow the factfinder to make inferences of the condition, but requires Plaintiff to make a positive showing.

The Court concludes Plaintiff has failed to make a positive showing of the existence of the condition prior to the fall. Defendant's motion for summary judgement is hereby **GRANTED**.

Signed in Baton Rouge, Louisiana, on July 9, 2015.

	_____
	**JUDGE JAMES J. BRADY**
	**UNITED STATES DISTRICT COURT**
	**MIDDLE DISTRICT OF LOUISIANA**